[987 NYS2d 867]

In the Matter of EDWARD SAVRAN (Admitted as EDWARD ALAN SAVRAN), an Attorney, Resignor.

Second Department, July 2, 2014

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Forrest Strauss* of counsel), for Grievance Committee for the Ninth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Edward Savran, admitted as Edward Alan Savran, has proffered an affidavit of resignation dated March 13, 2014, wherein he acknowledges that he is the subject of an investigation into three pending grievances, in which it is alleged that he: (1) failed to prevent or timely discover that Michael Schlussel, a disbarred lawyer, had established "an entirely separate and related law office" in the resignor's name, and used that bogus law office to engage in the unauthorized practice of law, as well as to commit one or more attorney conduct violations in connection with legal matters entrusted to the bogus law office; (2) failed to timely discover that his brother, Mark Savran, a nonlawyer who worked in the resignor's actual law office, had (a) permitted Ms. Eualee Guy-Lodge and Mr. Fausto De Los Santos to ostensibly retain the resignor's services, (b) received funds from these purported clients, and (c) thereafter ignored the legal matters he told these individuals had been entrusted to the resignor's office, without the resignor's knowledge or authority; (3) failed to take appropriate action to halt and/or remediate the foregoing conduct at a time when he could have done so; and (4) failed to cooperate with the efforts of the Grievance Committee for the Ninth Judicial District to investigate the Guy-Lodge and De Los Santos matters.

Mr. Savran further acknowledges that, were the Grievance Committee to obtain authorization from the Court to institute a disciplinary proceeding and file charges on the basis of the foregoing, he would not be able to successfully defend himself on the merits against allegations that he violated Rules of Professional Conduct (22 NYCRR 1200.0) rules 5.3 (b) (2) (ii), 5.5 (b) and 8.4 (d) and (h) in any such proceeding.

Mr. Savran acknowledges that his resignation is freely and voluntarily rendered, and that he is not being subjected to coercion or duress by anyone.

To the extent that any funds being held by Mr. Savran for any third person(s) may not be accounted for, he submits his resignation subject to any order that may be entered directing that he make restitution, and that he reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a) (a). Mr. Savran acknowledges that any such order may be entered as a civil judgment against him, pursuant to Judiciary Law § 90 (6-a) (d), and he specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Mr. Savran further acknowledges, and agrees that, pending the issuance of an order by this Court accepting his resignation, he will not: (1) take on any new clients, or accept any new retainers, for future legal services to be rendered; (2) receive, hold, or deposit any additional escrow funds in any account, with the exception of those funds necessary to conclude transactions already in progress in those matters for which the resignor was already retained on the date this affidavit was executed; or (3) permit, allow, or participate in any further transactional activity in his attorney trust account(s) at Citibank, or any other financial institutions, other than those described in item (2) above and/or which are required to disburse funds already held therein, on behalf of clients or third parties, to those clients or third parties entitled to receive them.

The Grievance Committee recommends that the Court accept Mr. Savran's resignation from the bar, and that his name be stricken from the roll of attorneys and counselors-at-law.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and, effective immediately, Mr. Savran is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

ENG, P.J., MASTRO, RIVERA, SKELOS and LOTT, JJ., concur.

Ordered that the resignation of Edward Savran, admitted as Edward Alan Savran, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Edward Savran, admitted as Edward Alan Savran, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Edward Savran, admitted as Edward Alan Savran, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Edward Savran, admitted as Edward Alan Savran, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Edward Savran, admitted as Edward Alan Savran, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).